JOHN W. MUIJE & ASSOCIATES
JOHN W. MUIJE, ESQ.
Nevada Bar No: 2419
1840 E. Sahara Ave #106
Las Vegas, NV 89104
Phone No: (702) 386-7002
Fax No:     (702) 386-9135
Email: Jmuije@muijelawoffice.com
*Attorneys for Plaintiff*
*CARL THOMPSON*

DANIEL F. POLSENBERG
Nevada Bar No. 2376
JOEL D. HENROID
Nevada Bar No. 8492
ABRAHAM G. SMITH
Nevada Bar No. 13,250
3993 Howard Hughes Parkway, Ste 600
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*

AL LASSO
Nevada Bar No. 8152
EVAN K. SIMONSEN
Nevada Bar No. 13,762
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

SEAN K. CLAGGETT
Nevada Bar No. 8407
SAMUEL A. HARDING
Nevada Bar No. 1877
MATTHEW S. GRANDA
Nevada Bar No. 12,753
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

CARL THOMPSON,

             Judgment Creditor-Plaintiff,

vs.

LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION, A Nevada Non-Profit Corporation; DOES I through III, and ROE CORPORATIONS I through III, inclusive,

             Judgment Creditor-Defendant.

QBE INSURANCE CORPORATION,

             Garnishee Defendant.

CASE NO: 2:19-CV-01152-JCM-VCF

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

**APPLICATION FOR JUDGMENT AGAINST GARNISHEE**
**QBE INSURANCE CORPORATION REQUIRING TURNOVER**
**OF FUNDS**

**NOTICE OF MOTION**

*TO:*   *LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS*
*ASSOCIATION, A Nevada Non-Profit Corporation, Defendant*

*TO:*   *EDWARD D. BOYACK, ESQ., PATRICK A. ORNE, ESQ., of the Law Offices of*
*BOYACK ORME & ANTHONY, Attorneys for Lamplight Village at Centennial Springs*
*Homeowners Association*

*TO:*   *QBE INSURANCE CORPORATION, Garnishee Defendant*

*TO:*   *LELAND EUGENE BACKUS, ESQ., Attorney for QBE INSURANCE*
*CORPORATION*

**COMES NOW,** Plaintiff, CARL THOMPSON, by and through his counsel of record, pursuant to NRS 31.310 and 31.300, and hereby applies to this Court for a Judgment against the above-named Garnishee Defendant requiring the turnover of the monetary amounts it admits owing to Plaintiff.

**POINTS AND AUTHORITIES**

Plaintiff herein respectfully requests this Court to enter Judgment against the Garnishee requiring immediate payment of the benefits it acknowledges are owed as regards Plaintiff's Judgment Debtor, Lamplight Village at Centennial Springs Homeowners Association (hereinafter "Lamplight") to be paid over to the Constable on behalf of the Plaintiff.

NRS 31.310 provides:

31.310  Garnishee must retain property and money due
defendant or deliver to officer making service; garnishee
relieved of liability upon delivery; officer to make return
describing property received.

1.      Subject to order of the court, a garnishee defendant, upon whom a
writ of garnishment has been duly served, shall not pay any debt due or to

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: jmuije@muijelawoffice.com

2

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: jmuije@muijelawoffice.com

become due to the defendant and must retain in his possession and control, or deliver to the sheriff as provided herein, all personal property, effects, goods, chattels, rights, debts, credits or choses in action of the defendant.

2.      In all cases the garnishee, upon the filing of his answers to the garnishee interrogatories, may deliver to the sheriff or the officer serving the writ the property belonging to the defendant, together with the money due to the Defendant, and the sheriff or officer shall give the garnishee defendant a receipt therefor, and thereupon the garnishee is relieved from further liability in the proceedings, unless his answer is successfully controverted.  (Emphasis added.)

NRS 31.300  Property to be delivered to sheriff; sale; judgment against garnishee.

1.      If the answer of the garnishee shows that the garnishee has personal property of any kind in his or her possession, or under his or her control, belonging to the defendant, the court, upon application of the plaintiff with written notice to the garnishee at the address supplied on the answers to the interrogatories or to the attorney for the garnishee, shall enter judgment that the garnishee deliver the same to the sheriff, and if the plaintiff recover judgment against the defendant in the action, such property or so much thereof as may be necessary shall be sold as upon execution, and the proceeds applied toward the satisfaction of such judgment, together with the costs of the action and proceedings, and if there be a surplus of such property, or of the proceeds thereof, it shall be restored to the defendant.

2.      If the answer shows that the garnishee is in possession of money, debts, credits or  choses in action, or has any of such items under the garnishee's control, or is in any way indebted to the defendant, then, if the plaintiff recover judgment against the defendant in the action, the court shall also, upon application of the plaintiff with written notice to the garnishee or the garnishee's attorney in the manner provided in subsection 1, enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness, choses in action, debts or credits admitted in the answer; but the judgment against the garnishee shall not be for a greater sum than is necessary to satisfy the judgment of the plaintiff against the defendant, together with costs as aforesaid; and in no case shall the garnishee be chargeable with costs unless the garnishee's answer shall be successfully controverted as hereinafter provided.  (Emphasis added)

On March 25, 2019, the original State Court entered its Amended Judgment, upon the

Jury Verdict of February 15, **2018**.  Said Judgment was in the principal amount of

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

$20,000,000.00, less credit for $3,000,000 paid by co-defendants, plus pre-judgment interest in the amount of $130,329.45, plus costs of suit in the sum of $236,053.10, together with attorneys' fees in the sum of $5,950,000.00, with interest accruing at the statutory rate per annum on the remaining balance. See Exhibit "1" attached hereto and by this reference incorporated herein.

After obtaining the above-described Judgment against Defendant LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION, A Nevada Non-Profit Corporation, Plaintiff caused to be issued a Writ of Execution and Writ of Garnishment against QBE INSURANCE CORPORATION, in the amount of $23,754,442,.65, which sum includes principal, interest, attorneys' fees, and costs incurred. See Exhibit "2" attached hereto and by this reference incorporated herein, as specifically noted in the Writ and acknowledged by QBE Insurance Corporation in Exhibit "3".

> "Please execute upon all benefits or monies payable to, for or on behalf of LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION including but not limited to the full policy proceeds and indemnity amounts payable pursuant to, under or through insurance policy number: CAU316785-1 issued by QBE Insurance Corporation for and on behalf of Defendant LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION. . ."

On or about July 11, 2019, the Garnishee Defendant, QBE Insurance Corporation timely responded to the garnishment and both filed and served its answers to the garnishment interrogatories upon Plaintiff's counsel and upon the Office of the Las Vegas Constable. See Exhibit "3" attached hereto and by this reference incorporated herein. Notably, on page 2, paragraph 3, of those garnishment interrogatories, QBE stated as follows:

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

> QBE issued Homeowners Association Policy No. CAU316785-1 to Lamplight for the policy period from November 24, 2011, to November 24, 2014 ("the Policy").  The Policy provides liability Insurance with a $2,000,000 per occurrence limit For indemnity of legal liability imposed upon Lamplight for bodily-injury.  Due to a contractual arrangement, Plaintiff's claim against Lamplight currently is being administered by a third party. Through correspondence to counsel for Thompson dated August 16, 2018, that third party advised of its willingness to tender payment of the Policy's $2,000,000 per-occurrence indemnity limit in partial satisfaction of the amount of the judgment, subject to certain conditions stated in that correspondence.

Given that the sworn interrogatory answer No. 3 submitted by QBE, references a prior letter dated August 16, 2018, please find a true and correct copy of that letter attached hereto as Exhibit "4" and by this reference incorporated herein.  Most significantly, the first paragraph of page 2 of Exhibit "4", states specifically as follows:

> On behalf of QBE, Armour <u>intends to make a payment of $2,000,000</u> ("the payment"), representing the total general liability indemnity limits of the QBE policy <u>in partial satisfaction of the amount of the judgment.</u> Armour is agreeable to making the payment without requiring the issuance of a writ of garnishment.

*Emphasis supplied.*

Needless to say, Plaintiff was unwilling to accede to the additional terms and conditions layered upon QBE's "intended"  payment, which necessitated the subject garnishment being served upon QBE.

By way of context, and so that the Court is fully advised, long prior to Exhibit "4" even being generated, QBE  Insurance Corporation had moved to intervene in the pending State Court action and also sought a stay of execution pending appeal.  Notably, both of those motions were

decided <u>over one year ago</u> via a Minute Order dated June 21, 2018.  A true and correct copy of that Minute Order is attached hereto as Exhibit "5" and by this reference incorporated herein.

For a variety of reasons not relevant here, the formal Order memorializing the Court's rulings as previewed in Exhibit "5" was not entered to and until May 31, 2019.  A true and correct copy of that Order denying QBE Insurance Corporation's Request to Intervene and setting a $17 million *supersedeas* bond requirement is attached hereto as Exhibit "6" and by this reference incorporated herein.

To date, no *supersedeas* bond has been posted!

Indeed, in line with QBE Insurance Corporation's continuing refusal to honor its policy obligations to Lamplight, QBE promptly and affirmatively challenged, the State Court Judge's May 31st Order (Exhibit "6"), and sought an Order to set it aside.  That matter was heard on July 15, 2019.  While the parties continue to quibble regarding the terms of the State Court's resulting Order, a true and correct copy of the Court's Minutes regarding the denial of QBE Insurance Corporation's effort to revisit the denial of its intervention in the underlying case is attached hereto as Exhibit "7" and by this reference incorporated herein.

Finally, the substantive law of the State of Nevada specifically authorizes and provides that a Plaintiff may execute upon a judgment, despite a pending appeal, in the absence of the posting of an adequate supersedeas bond.  <u>*Fishman vs. Las Vegas Sun*</u>, 75 Nev. 13, 333 P.2d 988 (1959).  As stated by the Nevada Supreme Court in the Fishman case:

> Despite the fact that the appeal to this court has removed from the district court's jurisdiction the determination of any matters involved in the appeal, it is nonetheless clear that <u>the appeal to this court, without supersedeas, cannot of itself deprive the respondent judgment creditor of the right to execute upon its judgment or of its right to invoke the aid, in the district court, of the provisions of Rule 69 with reference to execution and proceedings</u>

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

6

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

supplementary to and in aid of the judgment and under
the provisions of Rule 37(a) and (b) with reference to
discovery.  For such purposes, the district court, under
the circumstances recited, retains jurisdiction to make
such orders as may be necessary and proper under the rules.

*Emphasis supplied.  Fishman vs. Las Vegas Sun,*
*supra,* 75 Nev. at 14-15

Summarizing the above, we find ourselves with a grievously injured Plaintiff having recovered a very substantial judgment, on the one hand, and the Garnishee Defendant, a major insurance carrier who has been active and vigorously contesting various issues before the State Court for well over a year, on the other.   QBE Insurance Corporation has admitted and acknowledged owing the $2 million, not only in the garnishment interrogatory responses themselves, but in a prior proposal by its claims administrator who unequivocally stated an affirmative intention to pay out proceeds, but terms conditioned the same on unacceptable to Plaintiff.   Since the proposed conditions added or layered upon the payment of policy proceeds were unacceptable to Plaintiff, Plaintiff instead chose to follow its substantive state law remedies, and levy the execution specifically invited by QBE Insurance Corporation in Exhibit "4".   Yet, almost a whole year later, QBE still, has not paid the obligation it admits owing.

QBE Insurance Corporation's responses are unequivocal.   The policy exists, the policy benefit amounts and proceeds are stated, and those items were specifically and exactly the property rights sought by Plaintiff when it issued and served its garnishment.

. . . .

. . . .

. . . .

. . . .

. . . .

7

In accordance with the Points and Authorities set forth hereinabove, Plaintiff herein respectfully requests this Court to enter Judgment against the Garnishee ordering QBE Insurance Corporation to immediately deliver the monies it admits owing (i.e. the $2,000,000 policy proceeds) to the Las Vegas Constable, for the use and benefit of Plaintiff, CARL THOMPSON.

DATED this _19th_ day of July, 2019.

JOHN W. MUIJE & ASSOCIATES

By:_____
JOHN W. MUIJE, ESQ.
Nevada Bar No: 2419
1840 E. Sahara Ave #106
Las Vegas, NV 89104
Phone No: (702) 386-7002
Fax No:   (702) 386-9135
Email: Jmuije@muijelawoffice.com
*Attorneys for Plaintiff*
*CARL THOMPSON*

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

8

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5 and L.R. 5-4, I certify that I am an employee of JOHN W. MUIJE & ASSOCIATES and that on the _19TH_ day of July, 2019, I caused **APPLICATION FOR JUDGMENT AGAINST GARNISHEE QBE INSURANCE CORPORATION REQUIRING TURNOVER OF FUNDS,** to be served using the CM/ECF system, upon all registered parties via the Court's electronic filing system.

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Al Lasso, Esq.
**LASSO LAW FIRM**
10161 Park Run Dr #150
Las Vegas, NV 89145
*Attorney for Plaintiff*
*CARL THOMPSON*

Daniel F. Polsenberg, Esq.
Joel D. Henroid, Esq.
Abraham G. Smith, Esq.
**LEWIS ROCA ROTHGERBER CHRISTIE, LLP**
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Plaintiff*
*CARL THOMPSON*

Sean K. Claggett, Esq.
**CLAGGETT & SKYES LAW FIRM**
4101 Meadows Lane #100
Las Vegas, NV 89107
*Attorneys for Plaintiff*
*CARL THOMPSON*

Leland Eugene Backus, Esq.
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, Nevada 89117
*Attorney for Garnishee Defendant*
*QBE INSURANCE CORPORATION*

I further certify that on July _19TH_, 2019, I served via E-Mail and U.S. Mail, First Class to:

Edward D. Boyack, Esq.
**BOYACK ORME & ANTHONY**
7432 W. Sahara Avenue, #101
Las Vegas, Nevada 89117
*Attorneys for Lamplight Village*
*At Centennial Springs Homeowners*
*Association*

*Fern M. Vitman*
_____
An Employee of JOHN W. MUIJE & ASSOCIATES

9

JOHN W. MUIJE & ASSOCIATES
1840 E. Sahara Ave., #106
Las Vegas, Nevada 89104
Telephone: 702-386-7002
Email: Jmuije@muijelawoffice.com

# EXHIBIT "1"

Electronically Filed
5/16/2019 9:01 AM
Steven D. Grierson
CLERK OF THE COURT

1  **NEOJ**
   DANIEL F. POLSENBERG
2  Nevada Bar No. 2376
   JOEL D. HENRIOD
3  NEVADA BAR NO. 8492
   ABRAHAM G. SMITH
4  Nevada Bar No. 13,250
   LEWIS ROCA ROTHGERBER CHRISTIE LLP
5  3993 Howard Hughes Parkway, Suite 600
   Las Vegas, Nevada 89169
6  (702) 949-8200
   DPolsenberg@LRRC.com
7  JHenriod@LRRC.com
   ASmith@LRRC.com
8
   AL LASSO
9  Nevada Bar No. 8152
   LASSO INJURY LAW
10 10161 Park Run Dr., Suite 150
   Las Vegas, NV 89145
11 Al@lassoinjurylaw.com

12 SEAN K. CLAGGETT
   Nevada Bar No. 8407
13 SAMUEL A. HARDING
   Nevada Bar No. 1877
14 MATTHEW S. GRANDA
   Nevada Bar No. 12,753
15 CLAGGETT & SYKES LAW FIRM
   4101 Meadows Lane, Suite 100
16 Las Vegas, NV 89107
   Sclaggett@claggettlaw.com
17 Sharding@claggettlaw.com
   Mgranda@claggettlaw.com
18
   *Attorneys for Plaintiff*
19
                     DISTRICT COURT
20
                CLARK COUNTY, NEVADA
21
22 CARL THOMPSON,                    Case No. A-14-697688-C

23            Plaintiff,             Dep't No. 15

24     *vs.*

25 LAMPLIGHT VILLAGE @ CENTENNIAL    **NOTICE OF ENTRY OF "AMENDED**
   SPRINGS HOMEOWNERS ASSOCIATION,   **JUDGMENT ON JURY VERDICT"**
26 *et al.*,

27            Defendants.

Lewis Roca8
ROTHGERBER CHRISTIE

                        -1-

108137212.1

1    Please take notice that on the 25th day of March, 2019, an "Amended

2 Judgment Upon Jury Verdict" was entered in this case.  A copy of the judgment

3 is attached.

4    Dated this 16th day of May, 2019.

5    LEWIS ROCA ROTHGERBER CHRISTIE LLP

6    By /s/ Joel D. Henriod

7 SEAN K. CLAGGETT (SBN 8407)          DANIEL F. POLSENBERG (SBN 2376)
  SAMUEL A. HARDING (SBN 1877)         JOEL D. HENRIOD (SBN 8492)
8 MATTHEW S. GRANDA (SBN               ABRAHAM G. SMITH (SBN 13,250)
  12,753)                             3993 Howard Hughes Parkway, Suite 600
9 CLAGGETT & SYKES LAW FIRM           Las Vegas, Nevada 89169
  4101 Meadows Lane, Suite 100
10 Las Vegas, NV 89107                 AL LASSO (SBN 8152)
                                      LASSO INJURY LAW
11                                    10161 Park Run Dr., Suite 150
                                      Las Vegas, NV 89145

12    *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Lewis Roca8
ROTHGERBER CHRISTIE

-2-

108137212.1

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2019, I served the foregoing "Notice of Entry of 'Amended Judgment Upon Jury Verdict'" on counsel by the Court's electronic filing system and by courtesy email to the persons and addresses listed below:

Carrie McCrea Hanlon
TYSON & MENDES LLP
3960 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
tmchgrath@ytysonmendes.com
chanlon@tysonmendes.com

Steven T. Jaffe
Monte Hall
HALL, JAFFE & CLAYTON LLP
7425 Peak Dr.
Las Vegas, NV 89128
sjaffe@lawhjc.com
montehall@lawhjc.com
*Attorneys for Defendant/Cross-Defendant Jaylee Fence, LLC d/b/a Park Pro*

Edward D. Boyack
Patrick A. Orme
BOYACK ORME & ANTHONY
7432 W. Sahara Ave., Suite 101
Las Vegas, NV 89117
ted@boyacklaw.com
patrick@boyacklaw.com
*Attorneys for Defendant/Cross-Claimant/Cross-Defendant Lamplight Village @ Centennial Springs Homeowners Association*

/s/ Adam Crawford
An Employee of LEWIS ROCA ROTHGERBER CHRISTIE LLP

Lewis Roca
ROTHGERBER CHRISTIE

-3-

108137212.1

# EXHIBIT A

# EXHIBIT A

Electronically Filed
3/25/2019 3:51 PM
Steven D. Grierson
CLERK OF THE COURT

AJ

DANIEL F. POLSENBERG
Nevada Bar No. 2376
JOEL D. HENRIOD
NEVADA BAR NO. 8492
ABRAHAM G. SMITH
Nevada Bar No. 13,250
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
DPolsenberg@LRRC.com
JHenriod@LRRC.com
ASmith@LRRC.com

AL LASSO
Nevada Bar No. 8152
EVAN K. SIMONSEN
Nevada Bar No. 13,762
LASSO INJURY LAW
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145
Al@lassoinjurylaw.com

SEAN K. CLAGGETT
Nevada Bar No. 8407
SAMUEL A. HARDING
Nevada Bar No. 1877
MATTHEW S. GRANDA
Nevada Bar No. 12,753
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107
Sclaggett@claggettlaw.com
Sharding@claggettlaw.com
Mgranda@claggettlaw.com

*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| CARL THOMPSON, | Case No. A697688 |
| Plaintiff, | Dep't No. 15 |
| vs. | |
| LAMPLIGHT VILLAGE @ CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION et al., | **AMENDED JUDGMENT <u>UPON JURY VERDICT</u>** |
| Defendants. | |

Lewis Roca
ROTHGERBER CHRISTIE

107590474.2

1

MAR 2 0 2019

1  Plaintiff's motion to alter or amend the judgment, filed August 17, 2018,

2  is hereby GRANTED, and amended judgment is entered as follows:

3  IT IS SO ORDERED AND ADJUDGED that Plaintiff Carl Thompson be given

4  and granted judgment against Defendant Lamplight Village @ Centennial

5  Springs Homeowners Association as follows:

6      1.    Past pain, suffering, mental anguish,

7      and loss of enjoyment of life .............................$    750,000.00

8      2.    Future pain, suffering, mental anguish,

9      and loss of enjoyment of life .............................$    9,250,000.00

10      **Total**............................................................$    10,000,000.00

11  IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff Carl Thompson be

12  given and granted punitive damages against Defendant Lamplight Village @

13  Centennial Springs Homeowners Association in the amount of $10,000,000.00.

14  IT IS FURTHER ORDERED AND ADJUDGED that defendant Lamplight Village

15  @ Centennial Springs Homeowners Association is entitled to an offset of

16  $3,000,000.00.

17  IT IS FURTHER ORDERED AND ADJUDGED that defendant Lamplight Village

18  @ Centennial Springs Homeowners Association owes plaintiff Carl Thompson

19  prejudgment interest of $130,329.45, calculated from June 23, 2014 through

20  April 17, 2018.

21  IT IS FURTHER ORDERED AND ADJUDGED that, pursuant to this Court's

22  order filed November 15, 2018, plaintiff is awarded attorney's fees in the

23  amount of $5,950,000.00 and costs in the amount of $236,053.10.

24  IT IS FURTHER ORDERED AND ADJUDGED that the total judgment as of

25  March 15, 2019 is $24,787,550.47.  Post-judgment interest runs on this

26  judgment amount at the rate provided under NRS 17.130(2) (currently 7.5% per

27  annum) from April 17, 2018 until the judgment is satisfied.

28

Lewis Roca
ROTHGERBER CHRISTIE

107590474.2

*Thompson v. Lamplight Village - A697688*

Dated this _____ day of March, 2019.

_____
DISTRICT COURT JUDGE BM

Respectfully submitted by:

LEWIS ROCA ROTHGERBER CHRISTIE LLP

BY: _____
DANIEL F. POLSENBERG (SBN 2376)
JOEL D. HENRIOD (SBN 8492)
ABRAHAM G. SMITH (SBN 13250)
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169

AL LASSO (SBN 8152)
EVAN K. SIMONSEN (SBN 13,762)
LASSO INJURY LAW
10161 Park Run Dr., Suite 150
Las Vegas, NV 89145

SEAN K. CLAGGETT (SBN 8407)
SAMUEL A. HARDING (SBN 1877)
MATTHEW S. GRANDA (SBN 12,753)
CLAGGETT & SYKES LAW FIRM
4101 Meadows Lane, Suite 100
Las Vegas, NV 89107

*Attorneys for Plaintiff*

# EXHIBIT "2"

Electronically Issued
6/18/2019 2:33 PM

WRTE

# District Court
## CLARK COUNTY, NEVADA

CARL THOMPSON

Plaintiff,

vs.

LAMPLIGHT VILLAGE @ CENTENNIAL SPRINGS
HOMEOWNERS ASSOCIATION, et al.;  DOES I through III,
and ROE CORPORATIONS I through III, inclusive,

Defendants.

Case No. _____A-14-697688-C____

Dept. No. _____XV_____

## WRIT OF EXECUTION

☐ Earnings      ☑ Other Property
☐ Earnings, Oder of Support

THE STATE OF NEVADA TO THE SHERIFF OF CLARK COUNTY, GREETINGS:

On ___March 25, 2019___ , a judgment, upon which there is due in United States Currency in the following amounts, was entered in this action in favor of Carl Thompson_____ as judgment creditor and against Lamplight Village @ Centennial Springs_____ as judgment debtor.  Interest and costs have accrued in the amounts shown.  Any satisfaction has been credited first against total accrued interest and costs leaving the following net balance which sum bears interest at 7.5% per annum, $4,791.04 per day, from issuance of this writ to date of levy and to which sum must be added all commissions and costs of executing this Writ.

| JUDGMENT BALANCE | | AMOUNTS TO BE COLLECTED BY LEVY | |
|---|---|---|---|
| Principal | $20,000,000.00 | NET BALANCE | $23,754,442.65 |
| Pre-judgment Interest | $130,329.45 | Fee this Writ | $            10.00 |
| Attorney's fee | $5,950,000.00 | Garnishment fee | $              5.00 |
| Costs | $236,053.10 | Mileage | |
| JUDGMENT TOTAL | $26,316,382.55 | Levy fee | |
| Accrued Costs | $.00 | Advertising | |
| Accrued Interest | $438,060.10 | Storage | |
| Less Satisfaction | $3,000,000.00 | Interest from Date of Issuance | |
| | | SUB-TOTAL | $ |
| NET BALANCE | $23,754,442.65 | Commission | |
| | | TOTAL LEVY | $ |

NOW, THEREFORE, you are commanded to satisfy the judgment for the total amount due out of the following described personal property and if sufficient personal property cannot be found, then out of the following described real property: Please execute upon all benefits or monies payable to, for or on behalf of LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION  including but not limited to the full policy proceeds and indemnity amounts payable pursuant to, under or through insurance policy number:CAU316785-1 issued by QBE Insurance Corporation for and on behalf of defendant LAMPLIGHT VILLAGE AT CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION by serving the Nevada Insurance Comm'r located at: 3300 W. Sahara #275, LV, NV 89102, for and on behalf of QBE INSURANCE CORPORATION WHOSE REGISTERED ADDRESS WITH THE Nevada Insurance Commissioner is One QBE Way, Sun Prairie, WI 53596 and whose administrative office is located at: QBE Insurance Corporation, 88 Pine Street, Wall Street Plaza, New York, NY 10005

(See reverse side for exemptions which may apply

EXEMPTION WHICH APPLY TO THIS LEVY
(Check appropriate paragraph and complete as necessary)

☒ Property Other Than Wages.  The exemption set forth in NRS 21.090 or in other applicable Federal IStatutes may apply.  Consult an attorney.

☐ Earnings
The amount subject to garnishment and this writ shall not exceed for any one pay period the lesser of:
    A.    25% of the disposable earnings due the judgment debtor for the pay period, or
    B.    the difference between the disposable earnings for the period and $257.50 per week for each week of the pay period.

☐ Earnings (Judgment or Order for Support)
A Judgment was entered for amounts due under a decree or other order entered on _____, 19_____, by the  for the support of _____, for the period from _____, 19_____ _, through _____, 19_____, in
_____ installments of $_____.

The amount of disposable earnings subject to garnishment and this writ shall not exceed for any one pay period (check appropriate box):

☐ a maximum of 50 percent of the disposable earnings of such judgment debtor who is supporting a spouse or dependent child other than the dependent named above;

☐ a maximum of 60 percent of the disposable earnings of such judgment debtor who is not supporting a spouse or dependent child other than the dependent named above;

☐ plus an additional 5 percent of the disposable earnings of such judgment debtor if and to the extent that the judgment is for support due for a period of time more than 12 weeks prior to the beginning of the work period of the judgment debtor during which the levy is made upon the disposable earnings.

NOTE:    Disposable earnings are defined as gross earnings less deductions for Federal Income Tax Withholding, Federal Social Security Tax and Withholding for any State, County or City Taxes.

You are required to return this Writ from date of issuance not less than 10 days or more than 60 days with the results of your levy endorsed thereon.

Issued at direction of:

John W. Muije & Associates

By_____
John W. Muije, Esq.,
Nevada Bar No: 2419
1840 E. Sahara Ave #106
Las Vegas, NV  89104
Attorneys for Plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

By_____    6/19/2019
DEPUTY CLERK                          Date
Michelle McCarthy

RETURN

CLARK COUNTY CONSTABLE

By_____
  DEPUTY                          Date

_____ not satisfied
_____ satisfied in sum of    $_____
_____ costs retained         $_____
_____ commission retained  $_____
_____ costs incurred          $_____
_____ commission incurred  $_____
_____ costs received        $_____
REMITTED TO
JUDGMENT CREDITOR        $_____

**(See reverse side for exemptions which may apply**

**DISTRICT COURT**
**Notice of Execution After Judgment**

CASE No: A-14-697688-C

**N.R.S. 21.075**

**YOUR PROPERTY IS BEING ATTACHED OR**
**YOUR WAGES ARE BRING GARNISHED**

A court has determined that you owe money to <u>Carl Thompson</u>, the judgment creditor listed on the Writ of Execution included with this Notice of Execution. The Judgment Creditor has begun the procedure to collect that money by garnishing your wages, bank account and other personal property held by third persons or by taking money or other property in your possession.

Certain benefits and property owned by you may be exempt from execution and may not be taken from you. The following is a partial list of exemptions:

(1) Payments received pursuant to the federal Social Security Act, including, without limitation, retirement and survivors' benefits, supplemental security income benefits and disability insurance benefits.

(2) Payments for benefits or the return of contributions under the Public Employees' Retirement System.

(3) Payments for public assistance granted through the Division of Welfare and Supportive Services of the Department of Health and Human Services or a local governmental entity.

(4) Proceeds from a policy of life insurance.

(5) Payments of benefits under a program of industrial insurance.

(6) Payments received as disability, illness or unemployment benefits.

(7) Payments received as unemployment compensation.

(8) Veteran's benefits.

(9) A homestead in a dwelling or a mobile home, not to exceed $550,000, unless:
(a) The judgment is for a medical bill, in which case all the primary dwelling, including a Mobile or manufactured homer, may be exempt.
(b) Allodial title has been established and not relinquished for the dwelling or mobile home, in which case all of the dwelling or mobile home and its appurtenances are exempt, including the land on which they are located, unless a valid waiver executed pursuant to NRS115.010 is applicable to the judgment.

(10) All money reasonably deposited with a landlord by you to secure an agreement to rent or lease a dwelling that is used by you as your primary residence, except that such money is not exempt with respect to a landlord or landlord's successor in interest who seeks to enforce the terms of the agreement to rent or lease the dwelling.

(11) A vehicle, if your equity in the vehicle is less than $15,000.

(12) Eighty-two percent of the take-home pay for any workweek if your gross weekly salary or wage was $770 or less on the date the most recent writ of garnishment was issued, or seventy-five percent of the take home pay for any workweek of your gross weekly salary or wage exceeded $770 on the date the most recent writ of garnishment was issued, unless the weekly take-home pay is less than 50 times the federal minimum hourly wage, in which case the entire amount may be exempt.

(13) Money, not to exceed $1,000,000 in present value, held in:
(a) An individual retirement arrangement which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 and 408A of the Internal Revenue Code, 26 U.S.C. § 408 and 408A, including, without limitation, an inherited individual retirement arrangement;
(b) A written simplified employee pension plan which conforms with or is maintained pursuant to the applicable limitations and requirements of section 408 of the Internal Revenue Code, 26 U.S.C. § 408, including, without limitation, an inherited simplified employee pension

plan.

(c)     A cash or deferred arrangement plan which is qualified and maintained pursuant to the Internal Revenue Code, including, without limitation, an inherited cash or deferred arrangement plan;

(d)     A trust forming part of a stock bonus, pension, or profit-sharing plan which is qualified And maintained pursuant to sections 401 et seq. of the Internal Revenue Code, 26 U.S.C. §§ 401 et seq.; and

(e)     A trust forming party of a qualified tuition program pursuant to chapter 353B of NRS, any applicable regulations adopted pursuant to Chapter 353B of NRS and section 529 of the Internal Revenue Code, 26 U.S.C. § 259, unless the money is deposited after the entry of a judgment against the purchaser or account owner or the money will not be used by any beneficiary to attend a college or university.

(14)     All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support, education and maintenance of a child, whether collected by the judgment debtor or the State.

(15)     All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearage in the payment of such support and maintenance to which the former spouse may be entitled.

(16)     Regardless of whether a trust contains a spendthrift provision:

(a)     A present or future interest in the income or principal of a trust that is a contingent interest, if the contingency has not been satisfied or removed;

(b)     A present or future interest in the income or principal of a trust for which discretionary power is held by a trustee to determine whether to make a distribution from the trust, if the interest has not been distributed from the trust;

(c)     The power to direct dispositions of property in the trust, other than such a power held by a trustee to distribute property to a beneficiary of the trust;

(d)     Certain powers held by a trust protector or certain other persons; and

(e)     Any power held by the person who created the trust.

(17)     If a trust contains a spendthrift provision:

(a)     A present or future interest in the income or principal of a trust that is a mandatory interest in which the trustee does not have discretion concerning whether to make the distribution for the trust, if the interest has not been distributed from the trust; and

(b)     A present or future interest in the income or principal of a trust that is a support interest in which the standard for distribution may be interpreted by the trustee or a court, if the interest has not been distributed from the trust.

(18)     A vehicle for use by your or your dependent which is specially equipped or modified to provide mobility for a person with a permanent disability.

(19)     A Prosthesis or any equipment prescribed by a physician or dentist for you or your dependent.

(20)     Payments, in an amount not to exceed $16,150, received as compensation for personal injury, not including compensation for pain and suffering or actual pecuniary loss, by the judgment debtor or by a person upon whom the judgment debtor is dependent at the time the payment is received.

(21)     Payments received as compensation for the wrongful death of a person upon whom the judgment debtor was dependent at the time of the wrongful death, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

(22)     Payments received as compensation of the loss of future earnings of the judgment debtor or of a person upon whom the judgment debtor is dependent at the time the payment is received, to the extent reasonably necessary for the support of the judgment debtor and any dependent of the judgment debtor.

(23)     Payments received as restitution for a criminal act.

(24)     Personal property, not to exceed $10,000 in total value, if the property is not otherwise exempt from execution.

(25)     A tax refund received from the earned income credit provided by federal law or a similar state law.

(26)     Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.

These exemptions may not apply in certain cases such as a proceeding to enforce a judgment for support of a person or a judgment of foreclosure on a mechanic's lien.  You should consult an attorney immediately to assist

you in determining whether your property or money is exempt from execution.  If you cannot afford an attorney, you may be eligible for assistance through Nevada Legal Services at 530 S. 6th Street, Las Vegas, NV 89101, 702) 386-0404 or Legal Aid Center of Southern Nevada at 725 E. Charleston, Las Vegas, NV 89104 (702) 386-1070, or Senior Law Project at 530 Las Vegas Blvd. S. #310, Las Vegas, NV 89101, (702) 229-6596.

If you do not wish to consult an attorney or receive legal services from an organization that provides assistance to persons who qualify, you may obtain the form to be used to claim an exemption free of charge at the Civil Law Self-Help Center at 200 Lewis Avenue, on the first floor of the Regional Justice Center, downtown Las Vegas, Nevada, or on the Civil Law Self-Help Center's website at: http://www.civillawselfhelpcenter.org,.

## PROCEDURE FOR CLAIMING EXEMPT PROPERTY

If you believe that the money or property taken from you is exempt, you must complete and file with the clerk of the court an executed claim of exemption.  A copy of the claim of exemption must be served upon the sheriff, the garnishee and the judgment creditor within 10 days after the notice of execution or garnishment is served on you by mail pursuant to NRS 21.076 which identifies the specific property that is being levied on. The property must be released by the garnishee or the sheriff within 9 judicial days after you serve the claim of exemption upon the sheriff, garnishee and judgment creditor, unless the sheriff or garnishee receives a copy of an objection to the claim of exemption and a notice for a hearing to determine the issue exemption.  If this happens, a hearing will be held to determine whether the property or money is exempt.

The objection to the claim of exemption and notice for the hearing to determine the issue of exemption must be filed within 8 judicial days after the claim of exemption is served on the judgment creditor by mail or in person and served on the judgment debtor, the sheriff and any garnishee not less than 5 judicial days before the date set for the hearing . The hearing to determine whether the property or money is exempt must be within 7 judicial days after the objection to the claim of exemption and notice for hearing is filed.

You may be able to have your property relese4d more quickly if you mail to the judgment creditor or the attorney for the judgment creditor written proof that the proof that the property is exempt.  Such proof may include, without limitation, a letter from the government, annual statement from a pension fund, receipts for payment, copies of checks, records from financial institutions or any other document which demonstrates that the money in your account is exempt.

**IF YOU DO NOT FILE THE EXECUTED CLAIM OF EXEMPTION WITHIN THE TIME SPECIFIED, YOUR PROPERTY MAY BE SOLD AND THE MONEY GIVEN TO THE JUDGMENT CREDITOR, EVEN IF THE PROPERTY OR MONEY IS EXEMPT.**

3

# EXHIBIT "3"

1

2  LELAND EUGENE BACKUS, ESQ.
   Nevada State Bar. No 473
3  SHEA BACKUS, ESQ.
   Nevada State Bar No. 8361
4  **BACKUS, CARRANZA & BURDEN**
   3050 S. Durango Drive
5  Las Vegas, NV 89117
   Tel.   (702) 872-5555
6  Fax   (702) 872-5545
   Email: gbackus@backuslaw.com
7          sheabackus@backuslaw.com

   Attorneys for Garnishee QBE INSURANCE
8  CORPORATION

9                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA
10
   CARL THOMPSON,                          Case No. 2:19-cv-01152-JCM-VCF
11
                Judgment Creditor-Plaintiff,   ANSWER    OF   GARNISHEE    QBE
12                                          INSURANCE CORPORATION TO WRIT OF
           v.                               GARNISHMENT
13
   LAMPLIGHT VILLAGE @ CENTENNIAL
14 SPRINGS HOMEOWNERS
   ASSOCIATION,,
15
                Judgment Debtor-Defendant.
16

17 QBE   INSURANCE   CORPORATION,   a
   foreign insurer,
18
                Garnishee.
19

20         Pursuant to Nevada Revised Statutes § 31.290, Garnishee QBE Insurance Corporation

21 ("QBE"), by and through undersigned counsel, hereby answers the writ of garnishment served by

22 Judgment Creditor-Plaintiff Carl Thompson ("Thompson") under penalty of perjury in accordance

23 with NRS 53.045 by its authorized agent  Susan Todd  .

24 1.     Are you in any manner indebted to the defendant(s)_____

25 or either of them, either in property or money, and is the debt now due?  If not due, when is the debt

26 to become due?  State fully all particulars.

27

28

1   Answer:  No.  QBE is not in any manner indebted to the Judgment Debtor-Defendant Lamplight

2   Village @ Centennial Springs Homeowners Association ("Lamplight"), nor to any other defendant

3   listed in the Writ of Garnishment..

4   2.       Are you an employer of one or all of the defendants?  If so, state the length of your pay

5   period and the amount each defendant presently earns during a pay period.

6   Answer:  No.

7   3.       Did you have in your possession, in your charge or under your control, on the date the Writ

8   of Garnishment was served upon you any money, property, effects, goods, chattels, rights, credits or

9   choses in action of the defendant(s) of either of them, or in which defendant(s) is (are) interested?  If

10  so, state its value and state fully all particulars.

11  Answer:  QBE issued Homeowners Association Policy No. CAU316785-1 to Lamplight for the

12  policy period from November 24, 2011, to November 24, 2014 ("the Policy").  The Policy provides

13  liability insurance with a $2,000,000 per occurrence limit for indemnity of legal liability imposed

14  upon Lamplight for bodily-injury. Due to a contractual arrangement, Plaintiff's claim against

15  Lamplight currently is being administered by a third party.  Through correspondence to counsel for

16  Thompson dated August 16, 2018, that third party advised of its willingness to tender payment of

17  the Policy's $2,000,000 per-occurrence indemnity limit in partial satisfaction of the amount of the

18  judgment, subject to certain conditions stated in that correspondence.

19  4.       Do you know of any debts owing to the defendant(s), whether due nor not due, or any

20  money, property, effects, goods, chattels, rights, credits or choses in action, belonging to the

21  defendant(s) or either of them, or in which defendant(s) is (are) interested, and now in the

22  possession or under the control of others?  If so, state particulars:

23  Answer:  Thompson and Lamplight each have a copy of the Policy in his/its possession.

24  5.       State your correct name and address, or the name and address or your attorney upon whom

25  notice of further proceedings in this action may be served.

26  Answer:  The name, address, and phone number of the Garnishee is:

27

28

Case No. A-14-697688-C

QBE Insurance Corporation
88 Pine Street
Wall Street Plaza
New York, NY 10005

QBE may be contacted only through its counsel, whose names and address are as follows:

Leland Eugene Backus
Shea Backus
Backus, Carranza & Burden
3050 S. Durango Drive
Las Vegas, NV 89117

_____
QBE INSURANCE CORPORATION

VERIFIED DECLARATION PURSUANT TO NRS 53.045[1]

I, _____Susan Todd_____, declare under penalty of perjury under the law of the State of Nevada that the responses are true and correct.

Executed this 11th day of July_____, 2019.

_____
QBE INSURANCE CORPORATION

Dated this ___ day of July, 2019.

BACKUS, CARRANZA & BURDEN

By: _____
LELAND EUGENE BACKUS, ESQ.
Nevada State Bar. No 473
SHEA A. BACKUS. ESQ.
Nevada State Bar No. 8361

Attorneys for QBE INSURANCE CORPORATION

---

[1] NRS 53.045 permits "any matter whose existence or truth may be established by an affidavit or other sworn declaration may be established with the same effect by an unsworn declaration of its existence or truth signed by the declarant under penalty of perjury, and dated…"

3

Case No. A-14-697688-C

## CERTIFICATE OF SERVICE

Pursuant to N.R.C.P. Rule 5(b), I certify that I am an employee of BACKUS, CARRANZA & BURDEN, and that on this _11th_ day of July, 2019, I caused this document to be served pursuant to NEFCR 9, upon all registered parties via the Court's electronic filing system.

I further certify that the following were served via personal delivery and U.S. Mail, First Class:

> John W. Muije, Esq.
> **JOHN W. MUIJE & ASSOCIATES**
> **1840 E. Sahara Ave. #106**
> **Las Vegas, Nevada 89104**
> **Tel. (702) 386-7002**
> jmuije@muidelawoffice.com
> *Attorneys for Judgement Creditor Plaintiff Thompson*

> **The Office of the Ex-Officio Constable**
> **301 E. Clark Avenue, Ste. 100**
> **Las Vegas, Nevada 89101**
> **Tel. (702) 455-4099**

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
An employee of BACKUS, CARRANZA & BURDEN

4

Case No. A-14-697688-C

# EXHIBIT "4"

Robert S. Larsen
rlarsen@gordonrees.com
Co-Managing Partner-Las Vegas
Direct Line: (702) 577-9301



**GORDON&REES**
**SCULLY MANSUKHANI**

Attorneys At Law
300 S. 4th Street
Suite 1550
Las Vegas, NV 89101
Phone: (702) 577-9300
Fax: (702) 255-2858
www.gordonrees.com

August 16, 2018

<u>**Via Email**</u>

Sean K Claggett, Esq.
Samuel A. Harding, Esq.
Claggett & Sykes Law Firm
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
sclaggett@claggettlaw.com
sharding@claggettlaw.com

Al Lasso, Esq.
Lasso Injury Law, LLC
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
al@lassoinjurylaw.com

William Cummings
Friedman Rubin
51 University Street, Suite 201
Seattle, WA 98101
wccummings@friedmanrubin.com

Re: *Carl Thompson v. Lamplight Village @ Centennial Springs
Homeowners Association*
Case No. A-14-697688-C

Dear Messrs. Claggett, Harding, Lasso and Cummings:

Our firm represents Armour Risk Management, Inc. ("Armour"). Armour was appointed as a claims administrator for QBE Insurance Corporation ("QBE") on January 1, 2018 and is currently responsible for the handling of the above-captioned lawsuit against Lamplight Village @ Centennial Springs Homeowners Association ("Lamplight Village") by virtue of a contractual arrangement with QBE, Lamplight Village's liability insurer. It is our understanding that the judgment in this case was entered on July 27, 2018 and the notice of entry of judgment served on August 3, 2018.

ALABAMA ◆ ARIZONA ◆ CALIFORNIA ◆ COLORADO ◆ CONNECTICUT ◆ FLORIDA ◆ GEORGIA ◆ ILLINOIS ◆ MARYLAND ◆
MASSACHUSETTS ◆ MISSOURI ◆ NEVADA ◆ NEW JERSEY ◆ NEW YORK ◆ NORTH CAROLINA ◆ OREGON ◆
PENNSYLVANIA ◆ SOUTH CAROLINA ◆ SOUTH DAKOTA ◆ TEXAS ◆ VIRGINIA ◆ WASHINGTON ◆ WASHINGTON, DC

August 16, 2018
Page 2

On behalf of QBE, Armour intends to make a payment of $2,000,000 ("the payment"), representing the total general liability indemnity limits of the QBE policy in partial satisfaction of the amount of the judgment. Armour is agreeable to making the payment without requiring the issuance of a writ of garnishment. However, Armour will do so only if you agree to the following:

    1)    The payment is not to be construed as an admission, compromise, settlement or voluntary payment of any kind and shall not be deemed as a waiver, relinquishment, or impairment of any right to prosecute an appeal or seek other relief from the Court related to the judgment.

    2)    The payment is being made to stop any potential execution or threat of execution of the judgment or garnishment against the QBE policy since there is no stay of execution or supersedeas bond currently in place.

    3)    In the event that an appeal or other challenge to the judgment is successful and the judgment reversed and/or vacated, the payment must be repaid to QBE. *See* *Wheeler Springs Plaza, LLC v. Beemon*, 71 P.3d 1258 (NV 2003).

If Armour receives written confirmation of your agreement to the foregoing, Armour will issue the payment. Otherwise, Armour will assume that you intend to pursue the collection of the payment through garnishment proceedings. Armour Risk reserves all of its rights. Please let me know if you have any questions.

Sincerely,

GORDON & REES LLP

Robert S. Larsen

cc:    Armour Risk Management, Inc. (via email)
       Ted Boyack (via email)
       Mike McKelleb (via email)

# EXHIBIT "5"

A-14-697688-C

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Product Liability | COURT MINUTES | June 21, 2018 |
|---|---|---|

A-14-697688-C        Carl Thompson, Plaintiff(s)
                            vs.
                            Playland International, Inc., Defendant(s)

**June 21, 2018**    **Chambers**    **Decision Re: QBE Insurance Corporation's Motion to Intervene with Respect to its Interests as to the Claims Against its Insured, Defendant Lamplight Village at Centennial Springs Homeowners Association**

**HEARD BY:**  Hardy, Joe                    **COURTROOM:**  Chambers

**COURT CLERK:**  Kristin Duncan

### JOURNAL ENTRIES

– Having reviewed and considered the parties' original and supplemental briefs, arguments of counsel, the exhibits, and having held oral arguments, the Court hereby

DENIES WITHOUT PREJUDICE QBE Insurance Corporation's ("QBE") Motion to Intervene with Respect to its Interests as to the Claims Against Insured, Defendant Lamplight Village at Centennial Springs Homeowners Association based on the plain language of NRS 12.130(1)(a) which requires intervention to occur before the trial.

Trial in this matter concluded on February 15, 2018. Post-trial, on March 27, 2018, QBE filed its Motion to Intervene. This Court held a hearing on the motion on April 17, 2018, and requested supplemental briefing to further clarify the issues raised by the briefs and specifically to secure more information relating to the timeliness of the motion and the issue of the proper bond amount.

THE COURT FINDS THAT NRCP 24 does not conflict with NRS 12.130. Therefore, the motion to intervene was untimely. The Court incorporates Plaintiff's arguments in section I(A) of the Response to Supplemental Brief by QBE Insurance Corporation highlighting the Nevada case law that supports the denial of the motion. See, e.g., Dangberg Holdings Nevada, L.L.C. v. Douglas County and its Bd. of County Com'rs, 978 P.2d 311, 317 (Nev. 1999), Lopez v. Merit Ins. Co., 853 P.2d 1266, 1268 (Nev. 1993), and Am. Home Assur. Co. v. Eighth Jud. Dist. Ct. ex rel. County of Clark, 147 P.3d 1120, 1130 (Nev. 2006). Additionally, Nevada is unique by virtue of its statute governing intervention and therefore the Non-Nevada cased relied on by QBE are neither persuasive nor binding.

PRINT DATE:     06/21/2018              Page 1 of 2          Minutes Date:     June 21, 2018

A-14-697688-C

After reviewing the Settlement Agreement (Assignment of Proceeds/Covenant not to Execute) ("Agreement"), both section 1.8 and section 2.1 further support denial of intervention. Despite the submission of supplemental briefing, the Court was not supplied with a copy of the insurance policy itself. Nevertheless, section 1.8 of the Agreement allows Lamplight Village at Centennial Springs Homeowners Association ("Lamplight") to appeal if failure to do so would breach the policy. Section 2.1 indicates that Thompson agrees not to enforce the judgment as against Lamplight regardless of whether an appeal is pursued or not. The Court recognizes that Lamplight cannot post a $17 Million bond. However, Lamplight is protected against enforcement based on section 2.1 of the settlement agreement.

THE COURT ORDERS THAT the supersedeas bond amount will be $17 million dollars. In doing so, the Court incorporates Plaintiff's arguments in section II(A)(1) of the Response Brief, specifically Page 7 lines 24-28, all of page 8, and page 9 lines 1-11.

The Court declines to rule on the post-judgment claims and collection issues raised by the parties at this time. The parties may file appropriate motions clearly outlining the relief requested to give all parties an opportunity to fully brief the issues.

Plaintiff's counsel previously submitted a written judgement which the Court deferred signing until these issues were resolved. Pursuant to this minute order Plaintiff's counsel shall resubmit the judgment for consideration.

Plaintiff's counsel shall prepare the written order consistent with this minute order, forward it to all counsel for review and approval and submit it to Department 15's chambers within 10 days of this minute order pursuant to EDCR 7.21.

CLERK'S NOTE: A copy of this minute order was e-mailed to: Albert N. Lasso, Esq. [al@lassoinjurylaw.com], Daniel F. Polsenberg, Esq. [dpolsenberg@lrrlaw.com], Leland E. Backus, Esq. [gbackus@backuslaw.com], Michael W. McKelleb, Esq. [mmckelleb@angius-terry.com], Patrick A. Orme, Esq. [patrick@boyacklaw.com], Sean K. Claggett, Esq. [sclaggett@claggettlaw.com], and Shea A. Backus, Esq. [sheabackus@backuslaw.com]. (KD 6/21/18)

# EXHIBIT "6"

Electronically Filed
5/31/2019 3:23 PM
Steven D. Grierson
CLERK OF THE COURT

1  **ODM**
   DANIEL F. POLSENBERG (SBN 2376)
2  JOEL D. HENRIOD (SBN 8492)
   ABRAHAM G. SMITH (SBN 13,250)
3  LEWIS ROCA ROTHGERBER CHRISTIE LLP
   3993 Howard Hughes Pkwy., Suite 600
4  Las Vegas, NV 89169
   (702) 949-8200
5  DPolsenberg@LRRC.com
   JHenriod@LRRC.com
6  ASmith@LRRC.com

7  AL LASSO (SBN 8152)
   EVAN K. SIMONSEN (SBN 13,762)
8  LASSO INJURY LAW
   10161 Park Run Dr., Suite 150
9  Las Vegas, NV 89145
   Al@lassoinjurylaw.com
10 Evan@lassoinjurylaw.com

11 SEAN K. CLAGGETT (SBN 8407)
   SAMUEL A. HARDING (SBN 1877)
12 MATTHEW S. GRANDA (SBN 12,753)
   CLAGGETT & SYKES LAW FIRM
13 4101 Meadows Ln., Suite 100
   Las Vegas, NV 89107
14 Sclaggett@claggettlaw.com
   Sharding@claggettlaw.com
15 Mgranda@claggettlaw.com

16 *Attorneys for Plaintiff*

                        DISTRICT COURT

17

                    CLARK COUNTY, NEVADA

18

19 CARL THOMPSON,                    | Case No. A-14-697688-C

20             Plaintiff,            | Dep't No. 15

21       *vs.*

22 LAMPLIGHT VILLAGE @ CENTENNIAL    | **ORDER DENYING**
   SPRINGS HOMEOWNERS ASSOCIATION,   | **QBE INSURANCE CORPORATION'S**
23 et al.,                           | **MOTION TO INTERVENE**
                                     | *and*
24             Defendants.           | **ORDER REGARDING CONDITIONS**
                                     | **FOR STAY PENDING APPEAL**

25

26

27

28

Lewis Roca
ROTHGERBER CHRISTIE

                                1

MAY 2 2 2019

Defendant Lamplight Village @ Centennial Springs Homeowners
Association has moved the Court to stay execution of the judgment conditioned
on the posting of less than full security.[1]  Defendant's liability insurer, QBE
Insurance Corporation, also requested a stay of the judgment on less than full
security in its "Motion to Intervene with Respect to Its Interests as to the
Claims Against Its Insured, Defendant Lamplight Village @ Centennial Springs
Homeowners Association" (the "motion to intervene"), filed March 27, 2018.  In
addition to these motions, corresponding oppositions and replies, the Court also
heard oral argument April 17, 2018, regarding conditions for any stay pending
appeal.  The Court now, having considered the briefs and materials submitted
by the parties, oral argument, and the record before the Court, the Court finds,
concludes and orders as follows:

## FINDINGS OF FACT

### Denial of QBE's Motion to Intervene

1.      Trial in this matter concluded on February 15, 2018.

2.      QBE filed its motion to intervene post-trial, but prior to entry of
judgment, on March 27, 2018.

### Conditions for Stay Pending Appeal

3.      On July 27, 2018, the Court entered judgment in favor of plaintiff
and against defendant in the total amount of $17,148,811.78, after offsetting
the proceeds from settlements with co-defendants from the jury's verdict of $20
million.

4.      Before the judgment was entered, defendant moved to stay
execution on any judgment pending appeal.  In its February 28, 2018 motion for
stay, defendant requested that the stay be conditioned only on the posting of a

---

[1] *See* "Defendant Lamplight Village at Centennial Springs Homeowners'
Association's Motion for Stay of Execution Pending Appeal or Alternatively
Motion to Set Appellate Bond Amount and to Extend Time to Post Appellate
Bond on an Order Shortening Time," submitted February 28, 2018, as well as
an errata thereto filed on March 7, 2018.

Lewis Roca
ROTHGERBER CHRISTIE

1    $1 million bond. Defendant claimed to be entitled to a cap as a "small business"

2    under NRS 20.037.

3        5.    A bond of only $1 million would protect less than six percent of

4    plaintiff's judgment.

5        6.    In its motion to intervene, defendant's insurer QBE argued that the

6    defendant/judgment debtor be shielded from collection of the judgment upon the

7    posting of merely $2 million, representing that amount to be the limits of

8    defendant's applicable coverage.

9        7.    A bond of only $2 million would protect less than 12 percent of

10    plaintiff's judgment.

11        8.    Neither defendant nor QBE proposed any alternative security

12    arrangement to collateralize the remainder of plaintiff's judgment pending

13    appeal or otherwise to preserve the status quo.

14        9.    Plaintiff, on the other hand, opposes any stay without full security,

15    contending that defendant has not justified a sufficient basis for depriving

16    plaintiff of its right to collect its judgment now, under NRCP 62(d) and the

17    factors articulated in *Nelson v. Heer*, 121 Nev. 832, 835–36, 122 P.3d 1252, 1254

18    (2005), as modified (Jan. 25, 2006).

19                   <u>CONCLUSIONS OF LAW</u>

20    ***Denial of QBE's Motion to Intervene***

21        1.    NRCP 24 does not conflict with NRS 12.130. Therefore, the motion

22    to intervene was untimely.

23        2.    *Dangberg Holdings Nevada, L.L.C. v. Douglas County* holds that

24    "intervention must be made before the trial commences." 115 Nev. 129, 139,

25    978 P.2d 311, 317 (1999) ("After the verdict all would admit it would be too late

26    to intervene."); *see also Lopez v. Merit Ins. Co.*, 109 Nev. 553, 556, 853 P.2d

27    1266, 1268 (1993); *Am. Home Assur. Co. v. Eighth Jud. Dist. Ct.*, 122 Nev. 1229,

28    1244, 147 P.3d 1120, 1130 (2006).

Lewis Roca
ROTHGERBER CHRISTIE

3.     QBE argued that *Dangberg* permits intervention anytime "during ongoing litigation." (Supplemental Brief at 4:27–5:3). But that is not true. The issue in *Dangberg* was whether a settlement agreement reached *before trial* similarly cuts off a third party's right to intervene. The Court determined that, before trial, intervention was appropriate only if litigation was ongoing. *Dangberg*, 115 Nev. at 139, 978 P.2d at 317 ("[A] voluntary agreement of the parties stands in the place of a verdict, and, as between the parties to the record as fully and finally determines the controversy as a verdict could do.").

4.     *Lopez v. Merit Insurance Co.* confirms that a post-trial request to intervene is untimely. 109 Nev. 553, 556, 853 P.2d 1266, 1268 (1993). "The intervention must be made before the trial commences." *Id.* QBE argued that intervention was timely so long as it occurs prior to the entry of a final judgment. (*See, e.g.*, Supplemental Brief at 2:1–4). In *Lopez*, the Court reviewed the district court's decision to permit intervention after entry of final judgment. *Lopez*, 109 Nev. at 555, 853 P.2d at 1267. The Court held that post-judgment intervention was improper because post-judgment intervention "was necessarily 'not before trial, as the statute provides.'" *Id.* at 556, 853 P.2d at 1268 (quoting *Ryan*, 58 Nev. at 259, 75 P.2d at 735).

5.     *American Home Assurance Co. v. Eighth Judicial District Court* also recognizes that intervention must occur before trial. 122 Nev. 1229,1244, 147 P.3d 1120, 1130 (2006). QBE twists the decision to collapse the statutory deadline into a general notion of prejudice, arguing that post-trial intervention is appropriate so long as prejudice does not result. (Supplemental Brief at 5:9–15). But the Court actually required both: it turned to the NRCP 24 timeliness determination (which addresses prejudice to the parties) only after concluding that intervention was permissible under NRS 12.130: "17 NRS 12.130(1) provides that an applicant may intervene '[b]efore the trial.' As we have previously recognized, however, even when made before trial, an application

Lewis Roca
ROTHGERBER CHRISTIE

1   must be 'timely' in the sense afforded the term under NRCP 24." *Id.* Thus,

2   consideration of timeliness under NRCP is only necessary if the party has

3   sought to intervene before trial; otherwise, the intervention is per se untimely.

4       6.      Additionally, Nevada is unique by virtue of its statute governing

5   intervention.  NRS 12.130(1)(a) provides that an applicant may intervene

6   "[b]efore the trial."  Therefore, the foreign cases relied on by QBE are neither

7   persuasive nor binding.

8       7.      Further, after reviewing the settlement agreement, the Court finds

9   that both sections 1.8 and 2.1 of the settlement agreement (Assignment of

10  Proceeds/Covenant Not to Execute) further support denial of the motion to

11  intervene.

12      8.      Section 1.8 of the settlement agreement provides that "Lamplight

13  shall exercise whatever authority it has to dismiss or forego appealing the

14  Lawsuit to the extent allowed by its insurance policy and applicable law, except

15  that should refusing to appeal require Lamplight to breach the provisions of its

16  insurance policy, it shall not be required to dismiss or forego an appeal of the

17  Lawsuit."

18      9.      Section 2.1 provides that "Thompson shall not enforce or collect the

19  Ultimate Final Judgment against Lamplight" except with regard to Lamplight's

20  insurance.

21  ***Conditions for Stay Pending Appeal***

22      10.     The cap in NRS 20.037 does not apply.  Defendant is not a "small

23  business" within the meaning of that statute.  *See* NRS 20.037(5); 13 C.F.R.

24  § 121.105(1).  *See also* INSTITUTE FOR AEROBICS RESEARCH, 62 COMP. GEN. 458

25  (1983) ("To qualify as a small business concern a concern must be a business

26  entity organized for profit."); 1 WEST'S FEDERAL ADMINISTRATIVE PRACTICE

27  § 617 n.2 (explaining in section entitled "Small Business—Defined," that

28  "nonprofit organizations are excluded from the regulatory definition").

Lewis Roca
ROTHGERBER CHRISTIE

11.     "The purpose of a supersedeas bond is to protect the prevailing party from loss resulting from a stay of execution of the judgment. Thus, a supersedeas bond posted under NRCP 62 should usually be set in an amount that will permit full satisfaction of the judgment." *McCulloch v. Jeakins*, 99 Nev. 122, 123, 659 P.2d 302, 303 (1983); *see Nelson v. Heer*, 121 Nev. at 834–35, 122 P.3d at 1253. "[T]he focus is properly on what security will maintain the status quo and protect the judgment creditor pending an appeal." *Nelson v. Heer*, 121 Nev. at 835-36, 122 P.3d at 1254.

12.     This Court has discretion, however, to stay execution of the judgment based on conditions other than a full supesedeas bond, "particularly where other appropriate, reliable alternatives exist" that would preserve the status quo. *Id.*

13.     As "[t]he purpose of security for a stay pending appeal is to protect the judgment creditor's ability to collect the judgment if it is affirmed by preserving the status quo and preventing prejudice to the creditor arising from the stay" (*id.* at 835–36, 122 P.3d at 1254), the Nevada Supreme Court has set out five factors that must be considered before a judgment creditor's ability to collect its judgment is hindered on less than full security:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id.* (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 903 (7th Cir. 1988)).

14.     While the Court accepts defendant's representation that it cannot post a $17 million bond, defendant has not justified a deviation from the general rule that a plaintiff's right to execute on the judgment should be stayed only upon the posting of a full bond to collateralize the judgment.

Lewis Roca
ROTHGERBER CHRISTIE

6

15. The *Nelson v. Heer* factors militate against granting a stay for less than full security. To begin with, the Court finds that the collection process will be very complex as Lamplight does not have much cash or other liquid assets available to satisfy this judgment. Even prosecuting Lamplight's chose in action against QBE (Lamplight's biggest asset) to satisfy the judgment will entail a complex process that plaintiff should be allowed to start. In a similar situation, where the plaintiffs were "likely going to have to sue Defendants' insurance company on Defendants' behalf in order to collect," the court considered that process too complex to justify a stay without a full supersedeas bond, and rejected the alternative request to "reduce [the bond] to the policy limits of the third-party insurer." *Medina v. Pile Trucking, Inc.*, No. CV 11-6329-PJW, 2013 WL 12081090, at *1 (C.D. Cal. Feb. 22, 2013) (applying the *Dillon* factors).

16. Based on defendant's own representations about its limited means, the Court has no confidence in the defendant's ability to pay the full judgment following the appeal such that the cost of a bond would be wasteful.

17. If collection of the approximately $17 million judgment is stayed based on a bond of only $2 million (less than 12% of the judgment) then the Court will have failed to "maintain the status quo and protect the judgment creditor pending appeal." *Nelson v. Heer*, 121 Nev. at 835–36, 122 P.3d at 1254.

18. The Court also notes that the interests of the property owners involved in the defendant association actually may be served by denial of relief from the general supersedeas requirement, as the defendant and associated property owners are protected against actual enforcement by a covenant not to execute in a settlement agreement, assuming appropriate conditions are met. This consideration, however, is merely an additional reason not to relieve defendant of its obligation to secure the judgment in order to stay execution. Analysis of the *Nelson v. Heer* factors alone leads the Court to deny any stay on

Lewis Roca
ROTHGERBER CHRISTIE

1    inadequate security regardless.

2                                    <u>ORDER</u>

3          1.      It is therefore ORDERED that QBE's motion to intervene is DENIED

4    without prejudice based on the plain language of NRS 12.130(1)(a), which

5    requires intervention to occur before the trial.

6          2.      It is further ORDERED that the judgment will not be stayed except

7    upon the posting of a supersedeas bond in the amount of $17 million.  This

8    order is without prejudice to plaintiff' right to move for an increase in the bond

9    requirement if necessary to secure the judgment.

10         IT IS SO ORDERED.

11         Dated this 30ᵗʰ day of May, 2019.

12

13                                                _____

14                                                DISTRICT COURT JUDGE

15   Respectfully submitted by:

16   LEWIS ROCA ROTHGERBER CHRISTIE LLP

17

18   BY:  _____

19        JOEL D. HENRIOD (SBN 8492)
         DANIEL F. POLSENBERG (SBN 2376)
20        ABRAHAM G. SMITH (SBN 13250)
         3993 Howard Hughes Pkwy, Suite 600
21        Las Vegas, NV 89169

22        AL LASSO (SBN 8152)
         EVAN K. SIMONSEN (SBN 13,762)
23        LASSO INJURY LAW
         10161 Park Run Dr., Suite 150
24        Las Vegas, NV 89145

25        SEAN K. CLAGGETT (SBN 8407)
         SAMUEL A. HARDING (SBN 1877)
26        MATTHEW S. GRANDA (SBN 12,753)
         CLAGGETT & SYKES LAW FIRM
27        4101 Meadows Ln., Suite 100
         Las Vegas, NV 89107

28        *Attorneys for Plaintiff*

     Lewis Roca
     ROTHGERBER CHRISTIE

                                    8

# EXHIBIT "7"

A-14-697688-C

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

Product Liability                                     **COURT MINUTES**                     July 15, 2019

| | |
|---|---|
| A-14-697688-C | Carl Thompson, Plaintiff(s) |
| | vs. |
| | Playland International, Inc., Defendant(s) |

| July 15, 2019 | 09:00 AM | All Pending Motions |
|---|---|---|

**HEARD BY:**  Hardy, Joe                          **COURTROOM:**  RJC Courtroom 11D

**COURT CLERK:**  Duncan, Kristin

**RECORDER:**  Yarbrough, Matt

**REPORTER:**

**PARTIES PRESENT:**

| | |
|---|---|
| Abraham G. Smith | **Attorney for Plaintiff, Subject Minor** |
| Joel D. Henriod | **Attorney for Plaintiff, Subject Minor** |
| Leland  Eugene Backus | **Attorney for Other** |
| Patrick A. Orme | **Attorney for Cross Claimant, Cross Defendant, Defendant** |
| Sean  K. Claggett | **Attorney for Plaintiff, Subject Minor** |

**JOURNAL ENTRIES**

DEFENDANT LAMPLIGHT VILLAGE'S MOTION TO SET ASIDE OR OTHERWISE OBTAIN RELIEF FROM THE COURT'S MAY 30, 2019...QBE INSURANCE CORPORATION'S MOTION TO SET ASIDE OR OTHERWISE OBTAIN RELIEF FROM THE COURT'S MAY 30, 2019, "ORDER DENYING QBE INSURANCE CORPORATION'S MOTION TO INTERVENE AND ORDER REGARDING CONDITIONS FOR STAY PENDING APPEAL"; AND MOTION FOR SANCTIONS PURSUANT TO EDCR 7.60

Also present via CourtCall: Albert Lasso, Esq. on behalf of the Plaintiff.

Upon Court's inquiry, Mr. Backus argued that the Court had been divested of its jurisdiction as to the instant Motions, due to Lamplight and QBE seeking relief on appeal from the Supreme Court.  Mr. Henriod argued that the Court retained jurisdiction, stating that only an appeal filed on an appealable Order would divest the Court of its jurisdiction, and an appeal had not been filed on an appealable Order in this instance.  The COURT determined that it would be appropriate to hear arguments on the instant Motions.

Mr. Backus argued in support of QBE's Motion, stating that Plaintiff included language in paragraph eighteen of the May 30, 2019, Order, which was not found in the Court's minute order dated June 21, 2018.  Additionally, Mr. Backus stated that Lamplight's main concern was with the language in paragraph eighteen, stating that, "...defendant and associated property owners are protected against actual enforcement by a covenant not to execute in a settlement agreement, assuming appropriate conditions are met", as Lamplight felt that the June 21, 2018, minute order protected it from all enforcements of the Judgment.  Mr. Orme argued in support of Lamplight's Motion, stating that the phrase "assuming appropriate conditions are met" needed to be stricken from the May 30, 2019, Order, as it did not comply with the Court's minute order of June 21, 2018.  Mr. Henriod argued in Opposition to both Motions, stating that, prior to the Order being submitted to the Court, the Defendants were made aware of the

Printed Date: 7/16/2019                     **Page 1 of 2**          Minutes Date:          July 15, 2019

**Prepared by: Kristin Duncan**

A-14-697688-C

language set forth in the Order, and no objections were made to the "assuming appropriate conditions are met" language.  Assuming that the Court has jurisdiction to hear the Motions, COURT ORDERED the instant Motions were hereby DENIED WITHOUT PREJUDICE, FINDING and ORDERING the following: (1) the Order Denying QBE Insurance Corporation's Motion to Intervene and Order Regarding Conditions for Stay Pending Appeal, and the Notice of Entry of Order, both of which were filed on May 30, 2019, were SUBSTANTIVELY what was Ordered in the June 21, 2018, minute order issued by the Court; (2) upon the Court's inquiry regarding the movants' specific issues with the May 30, 2019, Order, movants cited paragraphs 7, 8, 9, and 18, all of which comported with the Court's June 21, 2018, minute order; (3) paragraphs 7, 8, 9, and 18, as set forth in the May 30, 2019, Order, all comported with the nature and spirit of the Court's June 21, 2018, minute order, and also complied with the settlement agreement; (4) the settlement agreement spoke for itself; (5) the Court has not, and would not, be ruling on any substantive issues related to the settlement agreement; however, the Court referred to, and relief upon the settlement agreement, in making its June 21, 2018, ruling; (6) as to paragraph 18, the Court must take the phrases in the Order in context, and all of paragraph 18 falls within the context of the Motion to Intervene, and the Stay Pending Appeal; (7) the May 21, 2019, Order, and the instant decision were without prejudice as to any other Motion regarding collection or jurisdiction; (8) the argument that the May 30, 2019, Order, did not track the June 21, 2018, minute order verbatim, was not well taken; (9) the Court had the ability and authority to ensure that Orders complied substantively with minute orders; (10) the process of ensuring that the Order complied with the minute order was properly followed when Department 15's staff accepted the May 30, 2019, Order; and (11) the Court noted its concern regarding the length of time it took the Plaintiff to prepare and submit the Order for the June 21, 2018, minute order, finding that such a delay was undue and unnecessary.

COURT ORDERED Mr. Henriod to prepare the Order for the instant Motions in a timely manner, and forward it to all necessary parties for approval as to form and content.