
JOHN W. MUIJE & ASSOCIATES
JOHN W. MUIJE (Nevada Bar No. 2419)
1840 E. Sahara Ave. #106
Las Vegas, Nevada 89104
(702) 386-7002
(702) 386-9135 (Fax)
JMuije@MuijeLawOffice.com

DANIEL F. POLSENBERG (Nevada Bar No. 2376)
JOEL D. HENRIOD (Nevada Bar No. 8492)
ABRAHAM G. SMITH (Nevada Bar No. 13,250)
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
(702) 949-8200
(702) 949-8398 (Fax)
DPolsenberg@LRRC.com
JHenriod@LRRC.com
ASmith@LRRC.com

AL LASSO (Nevada Bar No. 8152)
EVAN K. SIMONSEN (Nevada Bar No. 13,762)
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
(702) 625-8777
(702) 835-6981 (Fax)
Al@LassoInjuryLaw.com
Evan@LassoInjuryLaw.com

CLAGGETT & SYKES LAW FIRM
SEAN K. CLAGGETT (Nevada Bar No. 8407)
SAMUEL A. HARDING (Nevada Bar No. 1877)
MATTHEW S. GRANDA (Nevada Bar No. 12,753)
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
(702) 213-2566
SClaggett@ClaggettLaw.com
SHarding@ClaggettLaw.com
MGranda@ClaggettLaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CARL THOMPSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAMPLIGHT VILLAGE @ CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION,<br><br>　　　　Defendant. | Case No. 2:19-cv-1152-JCD-VCF<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION FOR JUDGMENT**<br><br>*and*<br><br>**OPPOSITION TO QBE'S COUNTERMOTION** |

1

QBE INSURANCE CORPORATION,

    Garnishee Defendant.

## INTRODUCTION AND RELEVANT BACKGROUND

QBE contends that this Court should stay or continue Thompson's application until Lamplight's appeal of Thompson's judgment against it has resolved. But the state court previously denied QBE's request to stay execution except upon the posting of a *supersedeas* bond in the amount of $17 million. The attempt to have this Court reach a different result is barred by issue preclusion.

Further, QBE concedes that the money is due but attempts to impose conditions on the payment. Rather than QBE dictating the conditions, any speculative issues will be properly addressed by the Nevada state court when appropriate, if at all. Judgment of the garnishment should promptly be entered in accordance with Nevada Law.

### A. Lamplight and QBE Request a Stay of Execution Pending Appeal

The question of what will prevent plaintiff Thompson from executing against assets of defendant Lamplight Village, including expressly Lamplight's insurance policy with QBE, has arisen before.

On July 27, 2018 the state court entered judgment in favor of Thompson for $17,148,811.78. (*See* Exhibit 6 to plaintiff's Application for Judgment Against Garnishee QBE Insurance Corporation Requiring Turnover of Funds.)[1] Before the judgment was entered, Lamplight Village, though QBE's retained counsel, moved to stay execution on any judgment pending appeal on the posting of just a $1 million bond. *Id*.

On March 27, 2018 QBE filed its motion to intervene, post-trial. *Id*. In its

---

[1] The judgment was later amended to add costs, attorney's fees, and interest, and now totals close to $25 million.

2

motion to intervene, Lamplight Village's insurer QBE argued that the defendant/judgment debtor be shielded from collection of the judgment upon the posting of a $2 million bond, representing that amount to be the limits of defendant's applicable coverage. *Id.* Thompson submitted a conditional non-opposition to QBE's intervention, noting that QBE was welcome to intervene as a defendant and to stay execution upon the posting of a full *supersedeas* bond, but as Thompson otherwise had a right to collect his judgment immediately, he opposed any stay without full security. *Id.*

### B. The State Court Sets the Conditions for Stay Pending Appeal

On April 17, 2018 the state court heard the matter and on June 21, 2018, issued a minute order denying intervention and setting the conditions for any stay of execution against QBE. *Id.* On May 31, 2019, the court entered its written order: execution on the judgment will not be stayed except upon the posting of a *supersedeas* bond in the amount of $17 million. *Id.* The court found that defendant had not justified a deviation from the general rule that a plaintiff's right to execute on the judgment should be stayed only upon the posting of a full bond to collateralize the judgment. *Id.* The court, citing *Nelson v. Heer*, determined that if collection of the approximately $17 million judgment is stayed based on a bond of only $2 million than the court will have failed to "maintain the status quo and protect the judgment creditor pending appeal." *Id.* (citing 122 P.3d 1252, 1254 (Nev. 2005), as modified (Jan. 25, 2006)).

To date, QBE has not posted a *supersedeas* bond.

### C. QBE Attempts to Set Aside the Order

Recognizing that the state court was not going to stand in the way of execution proceedings without a *supersedeas* bond, QBE and Lamplight asked the court to set it aside. The motions were heard and orally denied on July 15, 2019. On August 7, 2019, the state court entered its written order, making clear that

3

its May 31 order was correct and that the Court "never intended to suggest that plaintiff would be precluded from commencing execution on the judgment against Lamplight's insurer unless a full supersedeas bond is posted." (*See* Order Denying Defendant Lamplight Village's Motion to Set Aside and Defendant QBE Insurance Corporation's Motion to Set Aside, 3:11-16, 4:19-23, Ex. 1.)

## ARGUMENT

### A. QBE's Request to Stay Execution Is Barred by Issue Preclusion

Issue preclusion prevents relitigation of an issue decided in an earlier action, even though the later action is based on different causes of action and distinct circumstances. *In re Sandoval*, 232 P.3d 422, 423 (Nev. 2010).[2] Issue preclusion applies where:

> (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; ... (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation; and (4) the issue was actually and necessarily litigated.

*Id.*

Here, QBE previously moved to intervene and sought a stay of execution of Thompson's judgment in the state court action. QBE again seeks a stay of execution. This issue is barred by issue preclusion.

#### 1. QBE's Current Request to Stay Garnishment Is Identical to the Previous Requests for a Stay

Issue preclusion applies if the issue decided in the prior proceeding is

---

[2] Nevada issue preclusion law applies to whether QBE is collaterally estopped from arguing stay of execution here. *See Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 723 (Nev. 2009), *holding modified by Garcia v. Prudential Ins. Co. of Am.*, 293 P.3d 869 (Nev. 2013) (addressing multiple actions; applying Nevada issue preclusion law to prior state court decisions and federal preclusion law to prior federal court decisions).

4

identical to the issue presented in the current proceeding. *Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014). Identity of claims exists when two suits arise from "the same transactional nucleus of facts." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Here, QBE's request to stay or continue Thompson's execution on the judgment pending appeal is identical to the request in the state court. Both requests arise from the judgment entered in favor of Thompson and against defendant. QBE first moved to intervene and asserted that Thompson's execution of the judgment should be stayed based on a bond of only $2 million. Having failed before the state court judge, now QBE has switched to a federal forum and filed a new countermotion essentially seeking the same relief. Once again, QBE requests the court stay Thompson's execution of the judgment, barring Thompson from collecting the insurance proceeds that could be used to partially satisfy the judgment. The request presently before the court was asserted in the previous lawsuit.

### 2. *The State Court Issued a Final Judgement on the Merits*

There is also no question that the state court's decision was final. Where a court intended to definitively resolve an issue litigated between parties, the judgment is final. *Kirsch v. Traber*, 414 P.3d 818, 822–23 (Nev. 2018).

Here, the judgment is a valid final judgment and the May 31 order regarding the stay is a valid order after final judgment. NRAP 3A(b)(8). The state court order was supported by detailed findings of fact and conclusions of law and definitively ruled on the issue. Indeed, QBE promptly and affirmatively challenged the state court judge's May 31 order and sought an order to set it aside. Following the hearing the state court issued an order on August 7, 2019 denying QBE's effort to revisit the denial of its intervention and attempt to stay execution in the underlying case.

There is nothing left for the state court to do. In fact, Lamplight has attempted to appeal from the order. QBE's request for stay of execution of judgment was resolved by a final judgment on the merits.

### 3. QBE Was a Party to the Prior Adjudication of its Motion and is in Privity with Lamplight

Issue preclusion applies to both a party in the prior adjudication and to one in privity with a party in the prior case. *Bower*, 215 P.3d at 718 (q*uoting Five Star Capital Corp.*, 194 P.3d at 713). Privity exists where a person is not a party to an action but is represented by a party who is invested by the person with authority to represent him in an action. *Alcantara, Inc.*, 321 P.3d at 917. Further, an insurance company is generally in privity with its insured for issue preclusion purposes. *Harvey v. Liberty Mut. Grp., Inc.*, 8 F. Supp. 3d 666, 676 (E.D. Pa. 2014).

Here, QBE was a party to the prior adjudication of its motion to intervene and is in privity with defendant Lamplight. After the trial but prior to the entry of judgment QBE formally appeared in the state court proceeding, filed the motion to intervene, and attended hearings. The order denying stay is in response to QBE's motion to intervene.[3] Additionally, at the time Thompson was injured defendant Lamplight was covered under a general liability policy issued by QBE. QBE received notice of the suit and assumed control of Lamplight's defense and the litigation, including by having its retained counsel raise the objections to execution in these post-trial proceedings. Accordingly, QBE was a party and in privity with a party in the prior case.

---

[3] Even though QBE was not added as a party to the action as a whole, the state court implicitly found that QBE had standing to seek to vacate the order on intervention—as a party for that limited issue—by addressing its motion on the merits.

6

### 4. The Issue Was Actually and Necessarily Litigated Extensively Through Motion Practice and Multiple Hearings

When an issue is properly raised and is submitted for determination, the issue is "actually litigated." *Alcantara*, 321 P.3d at 918.

Here, QBE moved to intervene post-trial but prior to entry of judgment on March 27, 2018. On April 17, 2018 the matter was heard. The state court requested supplemental briefing. On May 1, 2018 QBE filed a supplemental brief regarding its motion to intervene. The state court considered the briefs submitted by the parties and oral argument when it issued its judgment. QBE subsequently moved to set aside the state court's May 31 order, and the court issued an order denying QBE's motion to set aside, as well. The stay issue was actually, necessarily, and repeatedly litigated.

QBE's request for a stay of garnishment is barred by issue preclusion.

### B. QBE Concedes the Money Is Due and Judgment Should Be Entered

QBE does not dispute that the policy exists and that plaintiff is entitled to the benefit amounts and proceeds. Rather, relying on *Wheeler Springs Plaza, LLC v. Beemon*, 71 P.3d 1258, 1260 (Nev. 2003), QBE seeks to impose conditions on the payment: (1) that there is no impairment to Lamplight's appeal, (2) that payment is not construed as an admission, and (3) that Thompson immediately return the payment if his judgment against Lamplight is reversed. That is improper.

First, to the extent *Wheeler Springs* governs the legal *effect* of garnishment, that applies as a matter of law; it is not a *condition* that must precede the garnishment. Thompson does not dispute that the judgment will be entered in accordance with Nevada law.

Second, however, QBE is wrong about *Wheeler Springs*. There, the judgment debtor itself was compelled through garnishment to pay the judgment out

7

1  of its accounts. So the judgment debtor remained in charge of what to do with
2  the appeal. Indeed, the Court suggested that a judgment debtor can "waive[] the
3  right to appeal or render[] the matter moot when the payment is intended to
4  compromise or settle the matter." *Wheeler*, 71 P.3d at 1261. One's status as a
5  third-party garnishee, however, does not create a right to direct the appeal. As
6  the state district court was aware when it denied QBE's request for a stay,
7  Lamplight has an obligation "to dismiss or forego appealing the Lawsuit to the
8  extent allowed by its insurance policy and applicable law." (May 31, 2019 Or-
9  der, at ¶ 8 (quoting Settlement Agreement § 1.8); Aug. 7, 2019 Order, at 5:1–6,
10 ¶ 6, Ex. 1.) In fact, it was this very quotation from the settlement agreement
11 that QBE unsuccessfully sought to have stricken from the state court's order in
12 favor of a statement that Lamplight unqualifiedly proceed with the appeal.
13 (QBE's Mot. to Set Aside, Ex. 2.) Just as issue preclusion forecloses the question
14 of a stay without a full *supersedeas* bond, so issue preclusion bars QBE from
15 seeking a backdoor ruling that Lamplight's appeal must proceed at any cost.
16     QBE has conceded that money is due and accordingly judgment should be
17 entered in accordance with Nevada law.

## CONCLUSION

19     For the foregoing reasons, this Court should enter judgment against QBE
20 to immediately deliver the monies it admits owing, the $2,000,000 policy pro-
21 ceeds, to the Las Vegas Constable, for the use and benefit of Thompson. This
22 Court should also deny the alternative request for a stay pending appeal.

Lewis Roca
ROTHGERBER CHRISTIE

8

Dated this 9th day of August, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Abraham G. Smith*
DANIEL F. POLSENBERG
Nevada Bar No. 2376
JOEL D. HENRIOD
Nevada Bar No. 8492
ABRAHAM G. SMITH
Nevada Bar No. 13,250
3993 Howard Hughes Parkway,
Suite 600
Las Vegas, Nevada 89169

JOHN W. MUIJE & ASSOCIATES
JOHN W. MUIJE
Nevada Bar No. 2419
1840 E. Sahara Ave. #106
Las Vegas, Nevada 89104
(702) 386-7002

AL LASSO
Nevada Bar No. 8152
EVAN K. SIMONSEN
Nevada Bar No. 13,762
10161 Park Run Drive,
Suite 150
Las Vegas, Nevada 89145
(702) 625-8777

CLAGGETT & SYKES LAW FIRM
SEAN K. CLAGGETT
Nevada Bar No. 8407
SAMUEL A. HARDING
Nevada Bar No. 1877
MATTHEW S. GRANDA
Nevada Bar No. 12,753
4101 Meadows Lane, Suite 100
Las Vegas, Nevada 89107
(702) 213-2566

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5 and LR 5-4 and 4-1(c) I certify that I served the foregoing "Plaintiff's Reply to Countermotion to "Plaintiff's Reply in Support of Application for Judgment *and* Opposition to QBE's Countermotion " through the United States District Court's CM/ECF system's electronic mail to the following:

| | |
|---|---|
| Leland Eugene Backus | Edward D. Boyack |
| Shea Backus | Patrick A. Orme |
| Backus, Carranza & Burden | Boyack Orme & Anthony |
| 3050 S. Durango Dr. | 7432 W. Sahara Ave., Suite 101 |
| Las Vegas, Nevada 89117 | Las Vegas, Nevada 89117 |
| | |
| *Attorneys for QBE Insurance Corp.* | *Attorneys for Lamplight* |

Dated this 9th day of August, 2019.

                        */s/ Jessie M. Helm*
                        An Employee of Lewis Roca Rothgerber Christie LLP

## INDEX OF EXHIBITS

| EXHIBIT NO. | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Order Denying Lamplight Village's Motion to Set Aside and Defendant QBE Insurance Corporation's Motion to Set Aside, filed August 7, 2019 in *Thompson v. Lamplight Village at Centennial Springs Homeowners Association, et al.*, District Court Case No. A-14-697688-C | 7 |
| 2 | QBE Insurance Corporation's Motion to Set Aside or Otherwise Obtain Relief from the Court's May 30, 2019, "Order Denying QBE Insurance Corporation's Motion to Intervene and Order Regarding Conditions for Stay Pending Appeal"; and Motion for Sanctions Pursuant to EDCR 7.60, filed June 14, 2019 in *Thompson v. Lamplight Village at Centennial Springs Homeowners Association, et al.*, District Court Case No. A-14-697688-C | 130 |