LELAND EUGENE BACKUS, ESQ.
Nevada State Bar. No 473
SHEA BACKUS, ESQ.
Nevada State Bar No. 8361
**BACKUS, CARRANZA & BURDEN**
3050 S. Durango Drive
Las Vegas, NV 89117
Tel.   (702) 872-5555
Fax   (702) 872-5545
Email: gbackus@backuslaw.com
       sheabackus@backuslaw.com

Attorneys for Garnishee QBE INSURANCE CORPORATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| CARL THOMPSON,<br><br>    Judgment Creditor-Plaintiff,<br><br>    v.<br><br>LAMPLIGHT VILLAGE @ CENTENNIAL SPRINGS HOMEOWNERS ASSOCIATION,<br><br>    Judgment Debtor-Defendant.<br><br>QBE INSURANCE CORPORATION, a foreign insurer,<br><br>    Garnishee. | Case No. 2:19-cv-01152-JCM-VCF<br><br>**REPLY IN SUPPORT OF COUNTERMOTION TO "APPLICATION FOR JUDGMENT AGAINST GARNISHEE QBE INSURANCE CORPORATION REQUIRING TURNOVER OF FUNDS," FOR CONDITIONS UPON ANY SUCH JUDGMENT, OR IN THE ALTERNATIVE, FOR A STAY PENDING RESOLUTION OF LAMPLIGHT'S APPEAL OF THE JUDGMENT IN FAVOR OF PLAINTIFF**<br><br>[ORAL ARGUMENT REQUESTED] |

Garnishee QBE Insurance Corporation ("QBE"), by and through its counsel of record, BACKUS, CARRANZA & BURDEN, respectfully submits this Reply in Support of Its Countermotion to Judgment Creditor-Plaintiff Carl Thompson's ("Thompson") "Application for Judgment Against Garnishee QBE Insurance Corporation Requiring Turnover of Funds," for Conditions Upon Any Such Judgment, or in the Alternative, for a Stay Pending Resolution of Lamplight's Appeal of the Judgment in Favor of Plaintiff:

I.   INTRODUCTION

QBE's Countermotion should be granted because Thompson's Opposition [ECF No. 17] brief largely asserts arguments that are irrelevant and fails in its attempt to distinguish the controlling Nevada Supreme Court case on point, *Wheeler*. *Wheeler Springs Plaza, LLC v. Beemon*, 71 P.3d 1258 (Nev. 2003). Contrary to Thompson's contentions, QBE is not seeking to relitigate any issues addressed in state court. Thus, Thompson's discussion of principles of issue preclusion, which comprises the large majority of his brief, is irrelevant and should be disregarded.

Thompson also has no valid response to QBE's point that Nevada law requires him to return the $2,000,000 he seeks from QBE, if the judgment against Lamplight is reversed. Yet he asks the Court to ignore the Nevada Supreme Court case (*Wheeler*) that requires him to do so.

By its Countermotion, QBE merely seeks to protect against Thompson employing inequitable tactics by virtue of his status as a judgment creditor, like the judgment creditors in *Wheeler* sought to do. QBE has made a clear record that any payment of its policy limit through this garnishment action would be coercive, and hence would not be an admission of liability against Lamplight and would need to be repaid if Thompson's judgment against Lamplight is reversed.

II.   ARGUMENT

**A. Because QBE Does Not Seek to Relitigate Any Issue Addressed in State Court, Thompson's "Issue Preclusion" Arguments Should Be Disregarded.**

Thompson erroneously argues that by including in its Countermotion the alternative for the Court to stay or continue Thompson's Application, QBE is somehow seeking to "reach a different result" that the state court trial judge regarding the conditions for a stay of execution.[1] But QBE seeks no such thing. Indeed, the fact that QBE offered to pay Thompson its policy limit over one

---

[1] Contrary to Thompson's assertion, QBE's Motion to Intervene did *not* seek any relief regarding the amount a supersedeas bond. The only "stay" requested in QBE's Motion was to stay entry of the judgment against Lamplight until QBE's motion could be heard. (*See* Ex. G (ECF No. 12).) QBE was forced to address the amount of a supersedeas bond in a reply brief on that motion to respond to an argument Thompson made in his response to QBE's motion. But QBE made clear it believed that "discussion of the amount of any supersedeas bond is premature and improper in the context of this motion to intervene" and "reversible error." (*See* Reply Brief by QBE Insurance Corporation Pursuant to Order of Court at Response to Motion to Remand at attached as Ex. 1 at 3:12-15 and 10:19-27 [ECF No. 18-1].).

year ago, after judgement against Lamplight was entered, by itself, proves that QBE is not seeking to relitigate the order of the state court judge regarding conditions for stay.[2]  As noted, the issues here involve seeking to prevent Thompson from using inequitable tactics, such as refusing to return QBE's $2,000,000 policy limit if Thompson's judgment is overturned.  As for the option for a stay, QBE merely offered the Court an alternative method of addressing the *Wheeler* requirements in the event that Thompson is unwilling to abide by them, as he is attempting to do.

Thus, the Court has the option to stay or continue Thompson's Application until such time as Lamplight's appeal of Thompson's judgment against it is resolved.

### B. Thompson's Attempt to Distance Himself from the Requirements of the *Wheeler* Case is Unpersuasive.

Thompson has no substantive response to QBE's point that the *Wheeler* case requires him to repay the $2,000,000 limits of the QBE policy if the judgment against Lamplight is reversed or vacated on appeal.  He acknowledges that "the judgment will be entered in accordance with Nevada law." (Opp. [ECF No. 17] at 7:25-26.)  But he then argues that QBE is "wrong about *Wheeler Springs*." (*Id*. at 7:27.)  It is Thompson, though, who is wrong about that case.

Thompson attempts to distinguish this garnishment proceeding from *Wheeler* by arguing that in that case, the judgment debtor paid the garnishment out of his own accounts, and therefore "remained in charge of what to do with the appeal." (*Id*. at 7:27-8:2.)  But *Wheeler* cannot be distinguished merely because QBE, as Lamplight's insurer, is the garnishee rather than Lamplight itself.  *Wheeler*'s holding that the judgment debtor was entitled to restitution of the money it paid upon reversal of the judgment against it, was premised on fundamental principles of restitution that apply equally between Thompson and QBE.  The Court stated:

The Restatement of Restitution § 74 (1937), extends this principle:

> A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final ....

---

[2] Notice of Entry of Judgment upon Jury Verdict against Lamplight was served on August 3, 2018; QBE's letter offering to pay its policy limit was sent on August 16, 2018. (*See* ECF No. 9 at Exhibit "4".)

> "To permit one who has collected money upon a judgment later reversed to retain the same would in most cases result in unjust enrichment."

*Id*. at 1262 (footnote omitted).

Thus, the fact that in *Wheeler* the garnishee was the judgment debtor, rather than the judgment debtor's insurer, is a distinction without a difference. The fundamental point is that a judgment creditor's right to obtain and retain funds in satisfaction of that judgment evaporates where the judgment is reversed, and equity (as well as due process) demands that the former judgment creditor return those amounts he obtained on the basis of a judgment to which the courts ultimately found he was not entitled. It matters not that the funds were obtained from the former judgment debtor's indemnitor as opposed to the former judgment debtor itself. Thus, Thompson cannot avoid the principles of restitution set forth in *Wheeler*.

Finally, contrary to Thompson's only other point, *Wheeler* had nothing to do with an appellant's own decision-making regarding how to conduct its appeal. The Court held that "payment of a judgment only constitutes a waiver of the judgment debtor's appellate rights when the payment is intended as a compromise or settlement of the matter." *Id.* That obviously is not the case here. In short, there is no basis to distinguish *Wheeler* from the circumstances here.

### III.    CONCLUSION

In sum, to prevent Thompson from using inequitable tactics based on his status as a judgment creditor, the Court should deny Thompson's Application and decline to enter any judgment against QBE for its $2,000,000 policy limit unless the Court also orders that it is being entered consistent with the repayment and no impairment of appeal principles in *Wheeler*,

///
///
///
///
///
///
///

Alternatively, the Court could stay or continue Thompson's Application until such time as Lamplight's appeal of Thompson's judgment against it is resolved.

Respectfully submitted,

Dated this 16th day of August 2019.

**BACKUS, CARRANZA & BURDEN**

By:   /s/ Leland Eugene Backus
LELAND EUGENE BACKUS, ESQ.
Nevada State Bar No 473
SHEA BACKUS, ESQ.
Nevada State Bar No. 8361

Attorneys for QBE INSURANCE CORPORATION

Case 2:19-cv-01152-JCM-VCF   Document 19   Filed 08/16/19   Page 6 of 6

**CERTIFICATE OF SERVICE**

Pursuant to N.R.C.P. Rule 5(b), I certify that I am an employee of BACKUS, CARRANZA & BURDEN, and that on this  16th  day of August, 2019, I caused this document to be served pursuant to NEFCR 9, upon all registered parties via the Court's electronic filing system.

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       /s/ Anne Raymundo
An employee of BACKUS, CARRANZA & BURDEN

6   Case No. 2:19-cv-01152-JCM-VCF
REPLY IN SUPPORT OF COUNTERMOTION TO APPLICATION FOR JUDGMENT
AGAINST GARNISHEE QBE INSURANCE CORPORATION